# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

JOHN C. KAUFMAN, : CIVIL ACTION

    Plaintiff, :

    v. :

BANK OF AMERICA, N.A., :
TRAUNER, COHEN & THOMAS, LLP,
:
    Defendants. NO. CV206-287

## O R D E R

Plaintiff, John C. Kaufman, filed the above-captioned case against Defendants, Bank of America, N.A., and Trauner, Cohen & Thomas, LLP ("Trauner"), in Glynn County Superior Court, asserting a defamation claim. On December 1, 2006, Bank of America removed the action to federal court, with Trauner's consent. Plaintiff has failed to perfect service of process against Trauner within the time allowed by law, 120 days after removal. Hickman v. U.G. Lively, 897 F. Supp. 955, 958-59 (S.D. Tex. 1995).

Therefore, pursuant to Federal Rule of Civil Procedure 4(m), Trauner is **DISMISSED** from this action. Relatedly, the

Court concludes that Kaufman's joinder of Trauner at the outset of this action is not sufficient to divest this Court of subject matter jurisdiction.

Diversity of citizenship jurisdiction is determined at the time the case is filed. Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991). Nonetheless, a district court is empowered to dismiss a dispensable party in order to retain jurisdiction. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 833 (1989).[1] "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21.

In this case, it is evident that Trauner is a dispensable party. It does not appear that Kaufman ever had any intention or ability to prove a cause of action against Trauner, the non-diverse defendant in this action.

As Bank of America notes, Kaufman's claims center on the publication of allegedly false credit information. Kaufman

---

[1] "Parties . . . may be dropped in order to achieve the requisite diversity of citizenship if their presence is not essential to a just and meaningful adjudication." Oppenheim, 368 F.2d at 518; Lowry v. Int'l Bhd. of Boilermakers, 259 F.2d 568, 572 (5th Cir. 1958). In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

2

does not allege that Trauner was involved in making this publication, calling into question the viability of any claim he could assert against Trauner. Certainly, there has been no showing that there is any sort of joint or several liability involving Bank of America and Trauner. Plaintiff's attempt to manipulate the Court's jurisdiction is highlighted by his failure to serve Trauner in this action within the time allowed by law. In short, Trauner is a dispensable party, and the Court has subject matter jurisdiction.

Accordingly, Kaufman's motion to remand is **DENIED**. See Dkt. No. 11.

**SO ORDERED**, this \_\_\_17\_\_\_ day of April, 2007.

> JUDGE, UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)